UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Anthony Wilder,  #258295,<br><br>                                 Plaintiff,<br><br>vs.<br><br>Charles T. Brooks III;<br>Judge Markley R. Dennis;<br>Donald J. Zelenka;<br>Lonetta B. Brawley, all in their individual capacity,<br><br>                                 Defendant. | ) C/A No. 3:08-3089-MBS-JRM<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>) |

This is a civil action filed *pro se* by a state prison inmate.[1] In addition to his Complaint, Plaintiff filed a "Motion for Preliminary Injunction, Motion for Temporary Restraining Order" (Entry 3)(Motion for Preliminary Injunction/TRO). Both the Complaint and the Motion are the subject of this Report and Recommendation.

Plaintiff is currently housed at Lieber Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system. According to the SCDC website, Plaintiff is serving a life sentence on a murder conviction from Charleston County.[2] In the Complaint filed in this case and in the Motion for Preliminary Injunction/Temporary Restraining Order, Plaintiff alleges that his constitutional rights were violated in connection with a Post-Conviction Relief (PCR) case presided over by Defendant Dennis and

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] https://sword.doc.state.sc.us/incarceratedInmateSearch/index.jsp

in which Defendants Zelenka and his assistant, Brawley, represented the State and Defendant Brooks represented Plaintiff .  Plaintiff claims that Defendants conspired to violate his rights because Plaintiff's request (motion) for state funds to hire an expert to review the crime scene was denied by Defendant Dennis in the PCR case.  It appears that Plaintiff has appealed the result in his PCR case and that the appeal is currently pending in the state appellate court.  It is unclear whether or not the denial of the funds to hire an expert was made a specific point on appeal in that state appellate case.

Plaintiff seeks punitive and compensatory damages from all Defendants, as well as certain injunctive relief in the nature of directions to the State of South Carolina (not a Defendant in this case) to properly administer and prevent "abuse" of the  "Defense of Indigent Funds."  Plaintiff also asks this Court to direct Defendants not to participate in what Plaintiff describes as "arbitrary decisions and evil . . . ."  Although he recognizes that such "relief" is beyond the jurisdiction of this Court to award, he also asks that the South Carolina Attorney General's office "be barred from appearing in any action criminal or civil."[3]

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case.  This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing

---

[3]*See Maxton v. Johnson*, 488 F.  Supp. 1030, 1032 n. 2 (D.S.C. 1980)(a federal district court lacks inherent power to remove officials not within the executive control of that federal district court)(*citing U.S.  v. White County Bridge Comm'n*, 275 F.2d 529, 535 (7th Cir. 1960)).

a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Since he is complaining about a specific judicial ruling made by Defendant Judge Dennis in the PCR case, Plaintiff's request for damages from this Defendant is barred by the doctrine of absolute judicial immunity. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by

South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

Additionally, to the extent that Plaintiff's Complaint seeks injunctive relief against Judge Dennis, such claim is barred by 42 U.S.C. § 1984, which states in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable*.

*Id.* (emphasis added). Since there is no declaratory decree in effect against Judge Dennis and since there is no viable basis for entry of a declaratory judgment in this case, any claim for injunctive relief against this judicial officer is statutorily barred. *Catanzaro v. Cottone*, 228 Fed. Appx. 164 (3d Cir. April 5, 2007); *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342 (11th Cir. Jan 31 ,2007).

Moreover, to the extent the it seeks damages from Defendants Zelenka and Brawley, both employees of the South Carolina Attorney General's office, based on the legal positions they took in the PCR case in opposition to Plaintiff's request for indigent defense funds to hire an expert, Plaintiff's Complaint is barred by the well-established legal doctrine of prosecutorial immunity. In South Carolina, the state's Attorney General's office supplies attorneys who represent the State in all PCR actions. Such attorneys serve as prosecutors because they represent the State and urge the PCR judge to uphold the criminal sentence under

attack. State prosecutors have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to ancillary civil proceedings such as PCR actions. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Hart v. Jefferson County*, 1995 WL 399619 (D.Ore., June 15, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity). Additionally, this absolute immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process. *Bernard v. County of Suffolk*, 356 F.3d 495, 502 (2d Cir. 2004). Accordingly, since it is clear that Defendant Brawley's participation in Plaintiff's PCR case was at the direction and under the supervision of the prosecutor, Defendant Zelenka, Plaintiff's claims against her are also barred by absolute immunity.     .

Of particular importance in this case is the fact that it is well settled in this Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377(4th Cir. 1996), and whether or not to go forward with a prosecution. *See Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997). Plaintiff's claims about the outcome of his request for indigent funds to hire an expert and Defendants Zelenka and Brawley's opposition to such request go directly to Zelenka's clearly prosecutorial decisions about when to prosecute and whether to even go forward with a prosecution. Obviously, such decisions were made in connection with the Defendants' court filings and arguments in the judicial proceedings of the PCR case, and, thus, the actions complained of were purely prosecutorial functions which are absolutely immune from Plaintiff's claims. *Springmen*; *Lyles*.

Finally, this Court cannot exercise its federal question jurisdiction to consider Plaintiff's allegations

against his court-appointed criminal defense counsel, Defendant Brooks, pursuant to 42 U.S.C. § 1983.[4] In order to state a claim for damages under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). Defendant Brooks, a court-appointed criminal defense attorney, did not act under color of state law in connection with his legal representation of Plaintiff, and, as a result, Plaintiff's Complaint fails to state a viable § 1983 claim against Defendant Brooks. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An attorney, whether retained, *court-appointed,* or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981)(public defender); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Since no other potential basis for this Court's exercise of federal question or diversity jurisdiction in shown on the face of Plaintiff's Complaint, and since the remaining Defendants are entitled to absolute immunity from Plaintiff's claims, this case should be summarily

---

[4] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

dismissed as frivolous.[5]

**Motion for Preliminary Injunction/TRO**

It is well settled that a temporary restraining order (TRO) is extraordinary relief, and it has been consistently held that a party seeking a TRO must show the following in order to establish a prima facie right to such relief:

> 1. a substantial likelihood that the movant eventually will prevail on the merits; 2. that the movant will suffer irreparable injury unless the injunction issues; 3. that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; *and* 4. that the temporary restraining order, if issued, would not be adverse to the public interest.

*Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980)(emphasis added)(citing *Sierra Club v. Hathaway*, 579 F.2d 1162 (9th Cir. 1978); *Hardin v. Houston Chronicle Pub. Co.*, 572 F.2d 1106 (5th Cir. 1978) 7 *Moore's Federal Practice* § 65.04(1); 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2948. All four showings must be made by Plaintiff before his Motion may be granted.

Although Plaintiff has listed and discussed all four requirements in his Motion, as stated above, this case is subject to summary dismissal for frivolity due to Defendants' absolute immunity and/or lack of state action. Accordingly, there is an obvious lack of potential success on the merits of this case,

---

[5] Under § 1915(e)(2)(B)(I) of the United States Code, a claim asserted by a *pro se* Plaintiff proceeding *in forma pauperis* may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, inter alia, the Defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right which clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n. 2 (11th Cir.1990). Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833. Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

thus Plaintiff cannot satisfy all four requirements for entry of a TRO. Since all four requirements must be met in order for this Court to grant a TRO, it is recommended that the District Court deny Petitioner's Motion for Preliminary Injunction/ TRO. *See Alberti v. Cruise*, 383 F.2d 268, 271-72 (4th Cir. 1967); Fed. R .Civ. P. 65(d). There is also no basis on which to grant a preliminary injunction since this case is subject to summary dismissal.

## Recommendation

Accordingly, it is recommended that the District Court deny the Motion for Preliminary Injunction/TRO. (Entry 3).

It is further recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

It is finally recommended that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g) because Plaintiff seeks damages from three Defendants who are immune and the case is otherwise frivolous. *See* 28 U.S.C. § 1915A(b)(2).

Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

October 6, 2008
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).