IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Anthony Wilder, #258295,  )<br>  )  C/A No. 3:08-3089-MBS<br>            Plaintiff,    )<br>  )<br>     vs.                )<br>  )<br>Charles T. Brooks III; Judge Markley R.  )     **O R D E R**<br>Dennis, Jr.; Donald J. Zelenka;  )<br>Lonetta B. Brawley, all in their  )<br>individual capacities,  )<br>  )<br>           Defendants.    )<br>_____) | |

Plaintiff Samuel Anthony Wilder is an inmate in custody of the South Carolina Department of Corrections (SCDC). Plaintiff, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated prior to a hearing on his application for post-conviction relief (PCR). Defendant Charles T. Brook III was Plaintiff's PCR counsel. Defendant Judge Markley R. Dennis (properly R. Markley Dennis, Jr.) is a judge of the South Carolina Circuit Court. Defendant Donald J. Zelenka is an Assistant Deputy Attorney General of the State of South Carolina. Defendant Lonetta B. Brawley is a legal assistant to Defendant Zelenka.

Plaintiff alleges that his PCR counsel conspired with Judge Dennis to deny him funds for an expert to review crime scene evidence. Plaintiff also alleges that Defendant Brawley and Defendant Zelenka conspired to send a letter to the Solicitor in the county where Plaintiff's PCR was pending, ostensibly to negatively affect Plaintiff's pending PCR application. Plaintiff contends that these acts violated his rights to equal protection and due process. Plaintiff seeks damages and moves for a preliminary injunction compelling Defendants to perform their duties under the Constitution.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act of 1996. On October 6, 2008, the Magistrate Judge issued a Report and Recommendation in which he found that Defendant Dennis is entitled to judicial immunity; that Defendants Zelenka and Brawley are entitled to prosecutorial immunity; and that Defendant Brooks is not a state actor for purposes of § 1983. Accordingly, the Magistrate Judge recommended that the case be summarily dismissed and that Plaintiff's motion for preliminary injunction be denied. The Magistrate Judge also recommended that the within action be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g) because Plaintiff seeks damages from three Defendants who are immune and the case is otherwise frivolous. See 28 U.S.C. § 1915(A)(b)(2). Plaintiff filed objections to the Report and Recommendation on November 12, 2008. Plaintiff also filed on November 12, 2008 an amended memorandum in support of his motion for preliminary injunction.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Plaintiff's objections largely recite the allegations of the complaint and assert that the reasons underlying Defendants' alleged wrongful conduct will be known when Defendants answer the complaint. Plaintiff also asserts that the Report and Recommendation includes some factual errors. For example, Plaintiff's asserts that the motion for expert fees came before Judge Dennis, but that the PCR hearing was held before Judge John C. Few. Plaintiff also provides a copy of the letter in issue from the Office of the Attorney General, which reveals that the letter was in reference to the dismissal of Plaintiff's direct appeal. The letter did not take a position regarding Plaintiff's motion for expert fees, as set forth in the Report.[1]

Although the court recognizes the Report and Recommendations may contain some factual inaccuracies, these do not undermine the reasoning of the Magistrate Judge regarding judicial and prosecutorial immunity as well as the need for a defendant be a "state actor" for purposes of § 1983. Accordingly, the court concurs in the recommendation of the Magistrate Judge. Plaintiff's motion for a preliminary injunction (Entry 3) is denied. The within action is summarily dismissed without prejudice and without issuance and service of process. The case shall be deemed a "strike" for purposes of § 1915(g).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

February 3, 2009.

---

[1] The court notes that some of this information was not discernable from the record before the Magistrate Judge.

3

**NOTICE OF RIGHT TO APPEAL**
**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**